

FILED

01/14/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0743

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0743

MARK EUGENE BENTON,

Petitioner,

v.

D.J. GODFREY, Warden,
Crossroads Correctional Center,

Respondent.

FILED

JAN 1 4 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Mark Eugene Benton has filed a petition for a writ of habeas corpus, arguing that the Yellowstone County District Court did not hold a hearing prior to revoking his sentence, pursuant to § 46-18-203(5), MCA. He has also filed a motion to dismiss for a speedy trial violation and a motion for relief from final judgment, pursuant to M. R. Civ. P. 60(b)(1), concerning a 2021 criminal case.

This Court is familiar with Benton's criminal history. *See Benton v. Godfrey*, No. OP 24-0648, Order denying habeas corpus relief (Mont. Nov. 19, 2024). In November 2005, the Yellowstone County District Court sentenced Benton for incest to a twenty-year prison term with ten years suspended. In 2015, the District Court revoked his suspended sentence, imposing a ten-year term to the Department of Corrections (DOC) with five years suspended.

The State of Montana charged Benton with failure to register as a sexual offender in the District Court on April 1, 2021. The State and Benton entered into a plea agreement. On December 23, 2022, the District Court revoked Benton's sentence again, imposing a five-year prison term for his 2005 conviction, and sentenced Benton to the DOC for a consecutive, five-year term for the 2022 conviction of failure to register. The court awarded credit for time served from April 6, 2021, through December 23, 2022.

Benton's claim about a lack of hearing has no merit. Attached to his Petition is a copy of the register of actions, reflecting the multiple continuances of his revocation disposition hearing until the minute entry, dated December 23, 2022. We secured copies. Benton appeared with counsel via video, from the Yellowstone County Detention Facility. The minute entry reflects: "The defendant states he has no legal cause to show why judgment should not be pronounced against him at this time." The court also sentenced Benton during a disposition hearing for his 2022 conviction with Benton appearing via video with counsel.

Benton's motions pertaining to 2022 conviction and sentence find no traction with this Court either. These types of motions are not appropriate in a petition for extraordinary relief, and the Montana Rules of Civil Procedure, especially M. R. Civ. P. 60, pertain to the district courts. M. R. App. P. 14(2) and M. R. Civ. P. 1. Benton did not appeal his conviction and sentence with this Court. Habeas corpus is not a substitute for a direct appeal. *Lott v. State*, 2006 MT 279, ¶ 19, 334 Mont. 270, 150 P.3d 337. Benton has a remedy. We point out that he has a pending appeal of the District Court's dismissal of his petition for postconviction relief concerning his 2022 conviction and sentence. *Benton v. State*, No. DA 24-0625, Notice of Appeal filed Dec. 6, 2024.

Benton is doubly constrained here. His remedy for relief would have been a direct appeal of his sentence upon revocation, imposed in December 2022. He did not appeal, and he is precluded from raising issues concerning the process in a petition for habeas corpus relief. Section 46-22-101(1), MCA. He is also constrained because he cannot challenge a sentence upon revocation through a petition for habeas corpus relief. Section 46-22-101(2), MCA. Therefore,

IT IS ORDERED that:

1. Benton's Petition for Writ of Habeas Corpus is DENIED and DISMISSED;
2. Benton's "Motion to Dismiss: Speedy Trial Violation" is DENIED as moot;
3. Benton's "Motion for Relief from Final [Judgment] Rule 60(b)(1)" is DISMISSED;
4. this matter is CLOSED as of this Order's date.

2

The Clerk is directed to provide a copy of this Order to counsel of record and to Mark Eugene Benton personally.

DATED this 14th day of January, 2025.

_____
Chief Justice

_____

_____

_____
Justices

3